# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| ELAINE JAROS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | No. 4:08-CV-1014 CAS |

## ORDER

This matter is before the Court on plaintiff's application for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d)(1)(B). The Commissioner objects to the amount of the fees and expenses plaintiff requests.

### *Background*

On July 11, 2008, plaintiff Elaine Jaros filed the above-captioned cause of action challenging the denial of her applications for disability insurance benefits pursuant to Title XVI of the Social Security Act. 42 U.S.C. §§ 401 et seq. On September 2, 2009, in an order adopting the Report and Recommendation of United States Magistrate David D. Noce, the Court reversed the decision of the administrative law judge ("ALJ") and remanded the action for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff's counsel filed the present application for attorney's fees on October 30, 2009.

Plaintiff seeks attorney's fees for 41 hours of work done by attorney Donald L. Kohl between April 2005 and October 2009. The total amount of fees sought by plaintiff is Six Thousand Seven

Hundred Seventy-Eight Dollars and Forty-Six Cents ($6,778.46). She also seeks $401.03 in expenses.

*Discussion*

The Court finds the award of attorneys' fees is proper in this case. Section 2412 of the Equal Access to Justice Act (EAJA) provides that a court:

> shall award to a prevailing party . . . fees . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Accordingly, plaintiff's attorney is entitled to fees if (i) plaintiff was the prevailing party, (ii) the fees were "incurred by that party in [the] civil action" in which the party prevailed, and (iii) the defendant's position was not substantially justified. Id.

Plaintiff has met all of these requirements in the instant matter. The Court reversed the ALJ's adverse decision and remanded the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The Supreme Court has stated that "a party who wins a sentence-four remand order is a prevailing party." Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Furthermore, the Commissioner's position was not substantially justified. As detailed in Judge Noce's Report and Recommendation, the ALJ improperly discounted the severity of plaintiff's mental impairments.

The Court, however, finds plaintiff is not entitled to the amount of fees she requests. As the Commissioner notes, fees incurred during the administrative process are not recoverable under the EAJA. Under the plain language of the statute, plaintiff is only entitled to fees incurred in a civil action. 28 U.S.C. 2412(d)(1)(A) ("a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action"); see also Melkonyan v. Sullivan, 501 U.S.

89, 94 (1991) (Section 2412 does not allow for "fees and expenses for administrative proceedings conducted prior to the filing of a civil action.").

The Court has reviewed the documentation attached to plaintiff's fee request and finds that her counsel spent 12.9 hours in 2008 and 1.3 hours in 2009 on this civil action. The Court further finds these hours are reasonable, and that sufficient proof has been submitted to support the request for fees in excess of the statutory limit. See McNulty V. Sullivan, 886 F.2d 1074, 1074-75 (8th Cir. 1989). The EAJA provides that attorney's fees may be awarded in excess of the maximum hourly rate of $125.00 per hour as provided by statute if "the court determines that an increase in the cost of living or a special factor. . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The Eighth Circuit has held that the Court may increase the limit on attorney's fees if provided proper proof that reflects an increase in the cost of living. Kelley v. Bowen, 862 F.2d 1333, 1336 (8th Cir. 1988). Plaintiff has submitted substantial proof, including the Consumer Price Index, in support of her request for fees at a rate of $171.47 an hour and $173.61 an hour for 2008 and 2009 respectively. The Court will award plaintiff attorney's fees in the amount of $2,211.96, for 12.9 hours of work at a rate of $171.47 an hour; and $225.69, for 1.3 hours of work at a rate of $173.61 an hour, for a total amount of $2,437.65 in attorney's fees. The Court will also award $109.99 for expenses plaintiff incurred in 2009.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application for an award of attorney's fees and expenses made pursuant to the Equal Access to Justice Act is **GRANTED** to the extend plaintiff may recover the amount of Two Thousand Five Hundred Forty-Seven Dollars and Sixty-Four Cents

($2,547.64) in fees and expenses. The award shall be made payable to Donald L. Kohl, Esq. [Doc. 19]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  17th  day of May, 2010.